# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BOILERMAKER-BLACKSMITH )
NATIONAL PENSION FUND and )
JOHN FULTZ, )
　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　　　)
v. )
　　　　　　　　　　　　　　　　　　)　　Case No. 13-2192-CM
MICRO METAL FINISHING, LLC, )
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant. )
　　　　　　　　　　　　　　　　　　)

## MEMORANDUM AND ORDER

Plaintiffs brought this action on April 24, 2013, pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiffs seek to collect fringe benefit contributions due to the employee benefit plan and for breach of a settlement agreement in a previous ERISA contributions case. The total award plaintiffs seek in this case (including interest) exceeds $30,000.

On June 5, 2013, Magistrate Judge O'Hara entered an order to show cause why this case should not be dismissed with prejudice for lack of prosecution under Fed. R. Civ. P. 41(b). Plaintiffs failed to respond to the court's order and failed to show why the case should not be dismissed for lack of prosecution.

Under Fed. R. Civ. P. 41(b) and D. Kan. R. 41.1, the court may dismiss an action if the plaintiff fails to comply with a court order or the Federal Rules of Civil Procedure or fails to prosecute his case. A Rule 41(b) dismissal is equivalent to an adjudication on the merits and is with prejudice, meaning that the plaintiff cannot re-file his claims. Fed. R. Civ. P. 41(b). When determining whether to dismiss a case for lack of prosecution, the court considers "(1) the degree of actual prejudice to the opposing

-1-

party; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant." *Reed v. Bennett*, 312 F.3d 1190, 1196 (10th Cir. 2002) (citations omitted).

This case is in the early stages, and the court therefore does not have much activity upon which to base its ruling. Nevertheless, the court examines the *Reed* factors. First, after filing their complaint, plaintiffs have neglected to participate in this litigation—prejudicing defendant to some degree. Plaintiffs returned the summons, executed, on May 2, 2013. The time to answer passed without defendant filing an answer. Judge O'Hara issued the show cause order on June 5, 2013. As of this date, plaintiffs have still not filed a response or other motion in the case. Defendant has an interest in closure of a case that is not being actively pursued. Based on plaintiffs' failure to prosecute, the court determines that defendant will be prejudiced by any further delay.

Second, plaintiffs' failure to participate in this litigation is interfering with the judicial process. Because of plaintiffs' inaction, the court has proactively monitored the case and entered an order in an effort to keep the case moving. But the court is unable to meaningfully schedule anything in the case or otherwise manage it without the participation of all parties involved.

Finally, at this point, the court must find plaintiffs culpable for their conduct. Plaintiffs have offered no reason for their failure to respond to the court order. At this point, the court has little choice but to find that plaintiffs' decision not to prosecute their case is a knowing, calculated decision.

Based on these factors, the court determines that the case should be dismissed for lack of prosecution. This is not a strong case for dismissal with prejudice. There is little history to evaluate and the case has not been pending for a substantial amount of time. But without any response by plaintiffs, the court has no basis on which to find that another remedy is appropriate. The dismissal is with prejudice.

**IT IS THEREFORE ORDERED** that the case is dismissed with prejudice for lack of prosecution.

The case is closed.

Dated this 2nd day of July, 2013, at Kansas City, Kansas.

                                        s/ Carlos Murguia
                                        **CARLOS MURGUIA**
                                        **United States District Judge**